UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LAWRENCE ALLS, | : | |
| Plaintiff | : | CIVIL ACTION NO. 3:05-2026 |
| v. | : | (KOSIK, D.J.) |
| | | (MANNION, M.J.) |
| PAUL HELRING and ROBERT MCCOOL, Police Officers, Lackawanna County Scranton Police Department, and LACKAWANNA COUNTY SCRANTON POLICE DEPARTMENT, | : | |
| Defendants | : | |

**REPORT AND RECOMMENDATION**

Presently before this court is the defendants' Motion for Summary Judgment. (Doc. No. 68). Upon consideration, the defendants' motion should be granted.

**I.   Procedural History**

On October 5, 2005, the pro se plaintiff, currently incarcerated at the State Correctional Institution Frackville, Pennsylvania, filed the instant civil rights action pursuant to 42 U.S.C. § 1983.[1] (Doc. No. 1). Because the plaintiff failed to set forth any specific constitutional violations and failed to name proper defendants, this court directed him to file an amended complaint.

---

[1] Although the plaintiff indicated on his complaint that the instant action was being filed pursuant to 28 U.S.C. § 1331, this court designated the complaint as having been brought pursuant to 42 U.S.C. § 1983. (Doc. No. 10). The complaint named the Commonwealth of Pennsylvania, the Lackawanna County Scranton Police Department, Lackawanna County Prison Medical Staff, and Officer Helring as defendants. (Doc. No. 1).

1

(Doc. No. 10). On December 2, 2005, the plaintiff filed an amended complaint, in which he named Officer Helring as the principal defendant in a § 1983 action.[2] (Doc. No. 15). However, on January 13, 2006, the plaintiff moved for permission to file a second amended complaint. (Doc. No. 20). This court granted the motion, (Doc. No. 22), and the plaintiff filed a second amended complaint on January 19, 2006. (Doc. No. 23).

In his second amended complaint, the plaintiff names Officer Helring, Officer Robert McCool, and the Scranton Police Department "as individuals and in their official capacity," and alleges that they violated his First, Eighth, and Fourteenth Amendment rights. (Doc. No. 23). Specifically, the plaintiff alleges that he was unlawfully arrested on December 31, 2004. He also alleges that while he was running through an alley, defendant Helring deliberately drove into him with his police car, which injured his eye, requiring twelve stitches, and caused him significant pain and suffering. Id. He further alleges that defendants Helring and McCool used excessive force in arresting the plaintiff, deprived him of medical care at the scene, and that McCool falsified a "criminal complaint" to purposefully leave out any description of the accident. Id. In addition, he claims that the defendant Scranton Police Department exhibited deliberate indifference to his serious medical needs and failed to properly train and supervise defendants Helring and McCool. Id. The plaintiff seeks monetary damages and a declaratory judgment that the

---

[2] The other named defendants were terminated from the case on December 2, 2005.

2

defendants violated his constitutional rights. Id.

The defendants filed the instant motion for summary judgment on July 10, 2007. (Doc. No. 68). An attendant supporting brief, (Doc. No. 71), statement of material facts, (Doc. No. 72), and affidavits, (Doc. Nos. 73, 74), were all filed on August 24, 2007. On October 9, 2007, the plaintiff filed two briefs in opposition. (Doc. Nos. 75, 76). He also filed an affidavit on October 12, 2007. (Doc. No. 79). The plaintiff did not file a counterstatement of material facts and the defendants did not file a reply. This matter is now ripe for disposition.

## II.     Summary Judgment Standard

Summary judgment is appropriate if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Turner v. Schering-Plough Corp., 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party, and is material if it will affect the outcome of the trial under governing substantive law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Aetna Casualty & Sur. Co. v. Ericksen, 903 F. Supp. 836, 838 (M.D. Pa. 1995). At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249; see also Marino v.

Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). Rather, the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. Andreoli v. Gates, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323-24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003); see also Celotex, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. Boyle v. County of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 586 (1986)); see also Celotex Corp., 477 U.S. at 325 (stating that the non-moving party cannot simply reassert factually unsupported allegations contained in its pleadings in opposing summary judgment). However, if the non-moving party fails to make a sufficient showing that a genuine issue of material fact exists, Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." Celotex Corp., 477 U.S. at 322-23; Jakimas v. Hoffman La

Roche, Inc., 485 F.3d 770, 777 (3d Cir. 2007).

### III.   Undisputed Facts[3]

On December 31, 2004, the plaintiff was riding as a passenger in a stolen vehicle. (Doc. Nos. 72-4 Ex. A; 73; 74). Defendant McCool was driving along Pittston Avenue, activated his warning signals, and stopped the vehicle. (Doc. No. 72-4 Ex. A).  Other officers arrived at the scene and ordered the occupants to remain inside. Id.  However the plaintiff disregarded the directive, opened the back door, and fled from the scene. Id.  The Scranton police officers then initiated a foot and vehicle pursuit of the plaintiff, defendant Helring chasing in his patrol car. Id.  During the chase, the plaintiff ran between houses, through alleys and, at one point, between parked vehicles and into the side of defendant Helring's patrol car. Id.  After the impact the plaintiff continued to run from the police, but was apprehended in a parking lot approximately four blocks from the initial traffic stop location.[4] Id.  The police also found cocaine in the plaintiff's possession. Id.  As a result of striking the officer's patrol car, the plaintiff sustained an injury near his left eyebrow. Id.  He was subsequently taken to the Community Medical Center

---

[3] As noted above, the plaintiff did not file a counterstatement of undisputed material facts as required by Local Rule 56.1. Consequently, all material facts set forth by the moving defendants will be deemed admitted. See Local Rule 56.1.

[4] When he was arrested the plaintiff stated that his name was Ali Simmons. The Scranton Police Department later determined that the plaintiff's correct name was Lawrence Alls. Id.

on the same day, December 31, 2004, where he was treated and received antibiotics for his injuries. (Doc. No. 72-3 Ex. B). The plaintiff ultimately pled guilty to the possession of illegal drugs, and was sentenced to a term of imprisonment of three to seven years. (Doc. No. 72-2 Ex. C).

## IV.     Discussion

The defendants move on three issues: (1) the plaintiff has failed to support a claim that defendants Helring and McCool violated any constitutional rights under § 1983; (2) defendants Helring and McCool are entitled to qualified immunity; and (3) defendant Scranton Police Department is not a proper defendant. (Doc. No. 68). The plaintiff agrees that he received medical treatment for his injuries, but continues to argue that it was defendant Helring who deliberately hit him with his patrol car. (Doc. No. 76).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must establish that (1) the alleged wrongful conduct was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States. Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000). It is well settled that neither a state nor its agencies are considered a "person" under § 1983 and, therefore, are not subject to § 1983 liability. Hafer v. Melo, 502 U.S. 21, 25-27 (1991). Consequently, because the Lackawanna County Scranton Police Department is a subunit of the local government, it is not a "person" chargeable with civil rights violations and should be dismissed from the action. Ngiraingas v. Sanchez, 495 U.S. 182, 192 (1990); Golya v. Golya,

2007 U.S. Dist. LEXIS 58093, at *29-30 (M.D. Pa. Aug. 9, 2007). The remaining defendants, however, are sued in their individual capacities and are therefore amenable to suit under § 1983.

Although there is no dispute that defendants Helring and McCool acted under color of state law as Scranton police officers, they have not violated any of the plaintiff's constitutional rights. To the extent the plaintiff alleges that the defendants violated the Fourth and Fourteenth Amendments by using excessive force in effectuating his arrest, he must show that a "seizure" occurred and that it was unreasonable. Abraham v. Raso, 183 F.3d 279, 288 (3d Cir. 1999) (citing Brower v. County of Inyo, 489 U.S. 593, 599 (1989)). In Graham v. Connor, the Supreme Court enunciated that reasonableness should be assessed based upon the "totality of the circumstances," by giving "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." 490 U.S. 386, 396 (1989) (emphasis added); Abraham, 183 F.3d at 289. Significantly, the Supreme Court has cautioned that

> not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that 'police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving—about the amount of force that is necessary in a particular situation.

Graham, 490 at 396-97 (internal citations omitted); see also Sharrar v. Feising, 128 F.3d 810, 822 (3d Cir. 1977).

Here, the plaintiff was clearly seized when he was arrested after the foot chase,[5] but under the totality of the circumstances, the defendants' conduct was objectively reasonable. The plaintiff disregarded the officers' orders to remain in the vehicle and fled the scene. A chase immediately ensued as the plaintiff ran between parked cars and through alleys until he was apprehended four blocks away. To a reasonable police officer, the plaintiff was "attempting to evade arrest by flight." Graham, 490 U.S. at 396; (Doc. No. 72-4 Ex. A). Indeed, the plaintiff had cocaine in his possession and pled guilty to that offense. Moreover, no deadly force was used in arresting the plaintiff; the plaintiff injured himself when he ran into defendant Helring's patrol car, and the record reflects that he received medical treatment for his injuries the same day. (Doc. No. 72-3 Ex. B). Summary judgment should therefore be granted in favor of the defendants as to the plaintiff's claim of excessive force.

To the extent the plaintiff alleges a violation of the Fourteenth Amendment's guarantee of substantive due process, that claim must also fail.

---

[5] It should be noted that there is no Fourth Amendment seizure "whenever there is a governmentally caused and governmentally desired termination of an individual's freedom of movement (the fleeing felon), but only when there is a governmental termination of freedom of movement through means intentionally applied." Brower v. County of Inyo, 489 U.S. 593, 597-97 (1989) (explaining that there is no seizure where a pursuing police car accidentally crashes into the suspect).

The Supreme Court has repeatedly emphasized that "the touchstone of due process is protection of the individual against arbitrary action of government," but that "only the most egregious official conduct can be said to be 'arbitrary in the constitutional sense.'" <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998) (internal quotations omitted). In this regard, the applicable standard to apply in cases involving substantive due process claims is whether the governmental action "shocks the conscience," violating "the decencies of civilized conduct." <u>Rochin v. California</u>, 342 U.S. 165, 172-73 (1952); <u>see also</u> <u>Miller v. City of Phila.</u>, 174 F.3d 368, 375 (3d Cir. 1999) ("To generate liability, executive action must be so ill-conceived or malicious that it 'shocks the conscience.'"). The Third Circuit explained that the degree of culpability required to meet the 'shock the conscience' standard depends upon the particular circumstances:

> We have . . . rejected the lowest common denominator of customary tort liability as any mark of sufficiently shocking conduct, and have held that the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. It is, on the contrary, behavior at the other end of the culpability spectrum that would most probably support a substantive due process claim; conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise to the conscience-shocking level.

<u>Schieber v. City of Phila.</u>, 320 F.3d 409, 418 (3d Cir. 2003) (quoting <u>Lewis</u>, 523 U.S. at 848 (internal citations omitted)).

9

In <u>Lewis</u>, the Supreme Court held that "high-speed police chases with no intent to harm suspects physically" do not give rise to § 1983 liability under the Fourteenth Amendment. 523 U.S. 833, 854-55 (1998). The facts in <u>Lewis</u> concerned a police officer who was trying to apprehend the driver of a motorcycle during a high-speed chase when the motorcycle tipped over and the officer slammed his brakes, striking the motorcycle and killing the passenger. <u>Id.</u> at 836. Because there was no reason to believe that the officer harbored an improper or malicious motive when chasing the suspect, the court ruled that his instantaneous reaction to the suspect's lawless driving did not shock the conscience, even though death resulted: "[O]nly a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." <u>Id.</u>

Much like the circumstances in <u>Lewis</u>, even if defendant Helring had hit the plaintiff during the chase, a reasonable jury would find that Helring did not act with malicious intent to injure him. It was not the defendant's purpose to harm the plaintiff, but only to apprehend him upon his flight from the traffic stop. The fact that the plaintiff was injured and required stitches does not automatically characterize governmental conduct that is "so egregious" or "so outrageous." <u>Lewis</u>, 523 U.S. at 847. As stated above, "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process." <u>Id.</u> at 848. Defendant Helring's behavior simply falls nowhere near the level of conscience-shocking activity required for § 1983 liability. Nor is

there any evidence that defendant McCool acted with similar malice towards the plaintiff. The plaintiff's allegation that McCool falsified his police report to "cover up" the accident fails; not only does McCool describe what happened, but Officer Maurice McGeehan also corroborates McCool's account of the events. See (Doc. No. 72-4 Ex. A). Accordingly, summary judgment should be granted in favor of the defendants as to their alleged violation of the plaintiff's substantive due process rights.

Because the plaintiff has failed to allege any constitutional violation under § 1983, it is unnecessary to proceed with a discussion of qualified immunity.

**V.    Conclusion**

For the foregoing reasons, it is **HEREBY RECOMMENDED THAT** the defendants' motion for summary judgment, **(Doc. No. 68)**, be **GRANTED**.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION
United States Magistrate Judge**

Date: January 31, 2008
O:\shared\REPORTS\2005 Reports\05-2026.01.wpd