**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

LAWRENCE ALLS,

        Plaintiff,

    v.

PAUL HELRING and ROBERT MCCOOL, Police Officers, Lackawanna County Scranton Police Department, and LACKAWANNA COUNTY SCRANTON POLICE DEPARTMENT

        Defendants.

Case No. 3:05-CV-2026

(Judge Kosik)

## MEMORANDUM AND ORDER

NOW, this 28th day of February, 2008, it appearing to the court that:

(1) Plaintiff, Lawrence Alls, an inmate confined at the State Correctional Institution at Frackville, filed this civil rights action pursuant to 42 U.S.C. § 1983 on October 5, 2005;

(2) This matter was assigned to Magistrate Judge Malachy E. Mannion;

(3) On January 31, 2008, the Magistrate Judge filed a Report and Recommendation in which he recommends that the defendants' motion for summary judgment be granted;

(4) Plaintiff avers in his complaint the following: (1) that he was unlawfully arrested; (2) that Defendant Helring deliberately drove into him with his police car; (3) that Defendants Helring and McCool used excessive force against him; (4) that Defendants Helring and McCool deprived him of medical care at the scene; and (5) that Defendant McCool falsified a criminal complaint in which he omitted any reference to the accident;

(5) The Magistrate Judge found that the defendants did not violate the plaintiff's Fourth and Fourteenth Amendment rights.  According to the Magistrate Judge, under the totality of the circumstances, the seizure of the plaintiff was reasonable.  The Magistrate Judge also found that the defendants did not violate the plaintiff's substantive due process right in that the actions of the defendants did not "shock the conscience" or violate "the decencies of civilized conduct."  See Rochin v. California, 342 U.S. 165, 172–73 (1952);

(6) Additionally, the Magistrate Judge found that because Defendant Lackawanna County Scranton Police Department is not considered a "person" under 42 U.S.C. § 1983, it should be dismissed from this action;

(7)  No objections were filed to the Magistrate Judge's Report and Recommendation;

AND, IT FURTHER APPEARING THAT:

(8) If no objections are filed to a magistrate judge's report and recommendation, the plaintiff is not statutorily entitled to a *de novo* review of his claims.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150–53 (1985).  Nonetheless, the usual practice of the district court is to give "reasoned consideration" to a magistrate judge's report prior to adopting it.  See Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).

(9) Having considered the Magistrate Judge's Report, we agree with the analysis and the recommendation;

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Malachy E. Mannion dated January 31, 2008 is **ADOPTED**;

(2) The defendants' motion for summary judgment is **GRANTED**;

(3)  The Clerk of Court is directed to enter judgment in favor of the defendants and against the plaintiff; and

     (4) The Clerk of Court is further directed to **CLOSE** this case and to **FORWARD** a copy of this Memorandum and Order to the Magistrate Judge.

                                 ***s/Edwin M. Kosik***
                                 United States District Judge